WILCOX v. VINKEMULDER.

1. INJUNCTION—EQUITY—QUIETING TITLE.

Plaintiff, having invoked aid of equity court to quiet title and restrain destruction of trees on disputed strip of land, stays in equity to settle boundary question.

2. SAME—QUIETING TITLE.

In suit to quiet title and restrain destruction of trees on disputed strip of land west of boundary line, to which plaintiff claims title by adverse possession, where the weight of the testimony shows that line fence was east of the trees instead of west, as claimed by plaintiff, her claim was properly denied.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

In suit to enjoin destruction of trees on strip of land to which plaintiff claimed title by adverse possession, argument as to distances of rail fences is not considered, on appeal, where evidence shows line fence was first board and later wire.

Appeal from Kent; Dunham (Major L.), J. Submitted January 17, 1930. (Docket No. 39, Calendar No. 34,716.) Decided March 7, 1930.

Bill by Caroline B. Wilcox against Henry J. Vinkemulder and others to quiet title to a strip of land adjacent to a line fence and restrain destruction of trees thereupon. From a decree for defendants, plaintiff appeals. Affirmed.

*Butterfield, Keeney & Amberg,* for plaintiff.

*Knappen, Uhl, Bryant & Snow,* for defendants Vinkemulder.

CLARK, J. This is a line fence case. It involves west line of lot 40, San Lu Rae plat, East Grand Rapids. The premises of which this lot is a part were acquired by plaintiff's husband in the year 1887 by deed which fixed the west line as follows (italics ours):

"Commencing on north and south quarter line Sec. 33–7–11, 25 chains 34 links north of quarter section corner on south side section, then north on quarter line 27 chains 49 links to center Clinton road (so-called) then north 68 degrees 12 minutes west along center said road 9 chains 40 links, then south parallel quarter line 16 chains 7 links to east and west quarter line, then west on quarter line 3 chains 9 links *then south parallel quarter line 14 chains 66 links,* then east 11 chains 84 links to place of beginning (30 acres, more or less)."

The decree is that plaintiff's west line is that fixed by the deed. Plaintiff has appealed.

Plaintiff got and stays in equity to settle boundary by adding injunctive feature against destroying

trees in the disputed strip. See *Beaver* v. *Zwonack, ante,* 96. Plaintiff contends that the line determined by the court is not the true line for several reasons, some of which we will discuss.

Plaintiff claims a strip roughly triangular in shape west of the line, on the ground of adverse possession. This strip is largely if not fully covered by the trees mentioned, and the decisive fact, in so far as definite evidence was adduced, is whether a fence was east or west of the trees. The weight of the testimony is that the fence was east of the trees. The fence was first of boards, later replaced by wire in roughly the same location. To the weight of the testimony is added the significant circumstance of remnants of the wire fence still embedded in trees along the east side of the disputed strip. This claim was properly denied.

There is further contention of acquiescence in line fence west of the trees. As the fence was east of the trees, the contention calls for no discussion. This is also true of an urged estoppel.

There is argument relative to distances of rail fences. As the fence in question was board and later wire, the argument is passed.

No other question need be discussed.

Decree affirmed. Costs to defendants.

WIEST, C. J., and BUTZEL, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., did not sit.